# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CHRISTY G. EVANS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA; LISA GREENWAY; AND CARRIE GILLIAM,<br><br>*Defendants.* | §<br>§<br>§<br>§  Civil Action No. 4:22-cv-00715<br>§  Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Christy G. Evans's Motion for Substitute Service (Dkt. #9). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED.**

### BACKGROUND

On August 19, 2022, Plaintiff Christy G. Evans ("Evans") filed suit against the United States of America, Lisa Greenway, and Carrie Gilliam ("Gilliam"), alleging causes of action for false arrest and malicious prosecution as well as violation of her constitutional right to due process (Dkt. #1). Evans has been attempting to serve Gilliam in this case and hired Joseph Reeves ("Reeves"), a licensed and certified Texas Process Server, to do so (Dkt. #9 ¶1). In a sworn affidavit, Reeves testified that he tried to serve Gilliam twice with a copy of the summons and complaint in this case—but to no avail (Dkt. #9, Exhibit 1 at pp. 2–3).

For his first attempt, Reeves went to Gilliam's place of work at the Sam Rayburn Memorial Veterans Center, 1201 East Ninth Street, Bonham, Texas 75418 (Dkt. #9, Exhibit 1 at p. 2). There, he explained to a female staff member that he had a legal document to deliver to Gilliam who worked at the facility. The female staffer told Reeves that Gilliam was not on shift that evening,

and she called Gilliam in Reeves's presence. Reeves and Gilliam then spoke on the phone, and Gilliam said she was not in Bonham that evening, but Reeves could bring the documents to her at 2125 North Duke Drive, Sherman, Texas 75090 ("North Duke address"). Reeves testified that he knows this address to be Gilliam's home because he served her last year in an unrelated matter.

Later that evening, Reeves drove to the North Duke address and again tried to serve Gilliam (Dkt. #9, Exhibit 1 at p. 2). He observed four vehicles when he arrived—one in the driveway and three others on a side street next to the home. According to Reeves, two of the vehicles, including the one in the driveway, were registered in Gilliam's name at the North Duke address. Another vehicle was registered to another person with the same last name and same address. When Reeves rung the doorbell at the home, a young African American adult male answered the door. The male told Reeves that Gilliam did not live there—despite Reeves pointing out that two of the vehicles at or near the house were registered in her name and Gilliam had just told him to come to the home. Reeves again asked the male to bring Gilliam to the door, but he said he could not help and walked back into the house. Reeves also testified that he has made diligent efforts to serve Gilliam, and he provided his contact information to an occupant at the North Duke address (Dkt. #9, Exhibit 1 at p. 3).

On September 27, 2022, Evans filed her Motion for Substitute Service (Dkt. #9), requesting that the Court allow her to serve Gilliam by either (1) delivering and leaving a copy of the duly issued summons and complaint in this matter with anyone over the age of sixteen at the North Duke address or (2) attaching the summons and complaint to the front door at the North Duke address.

**LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. Federal Rule of Civil Procedure 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1).

Texas state law generally requires that service of process be accomplished in one of two ways, "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a). However, a plaintiff may move for substituted service of process in certain circumstances. *Id.* 106(b). Specifically, in moving for substituted service, Texas law requires a plaintiff to submit a statement—sworn to before a notary or made under penalty of perjury—that (1) lists any location where the defendant can probably be found and (2) states specific facts showing that service has been unsuccessfully attempted at such location under either method prescribed in Texas Rule of Civil Procedure 106(a). *Id.*; *Alfaro v. Don-Lyn Express*, No. SA-21-CV-01133-XR, 2022 WL 1510928, at *1 (W.D. Tex. Apr. 4, 2022). Assuming the plaintiff demonstrates those requirements in the statement, the Court may authorize substituted service:

> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement or (2) in any manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b); *see also Alfaro*, 2022 WL 1510928, at *1.

## ANALYSIS

In her motion, Evans seeks the Court's permission to serve Gilliam by either leaving a copy of the summons and complaint with anyone over the age of sixteen at the North Duke address or attaching the summons and complaint to the front door at the North Duke address (Dkt. #9 ¶5). Finding a legal basis for both requests, the Court grants Evans's motion.

Here, both the Court and the location where service is to be made are in Texas. *See* (Dkt. #9). Thus, Evans may serve Gilliam in accordance with Texas law. *See* FED. R. CIV. P. 4(e)(1). Texas law would ordinarily require Evans serve Gilliam by personally delivering a copy of the summons, showing the delivery date, and of the complaint or, alternatively, mailing her, "by registered or certified mail, return receipt requested, a copy of the [summons] and of the [complaint]." *See* TEX. R. CIV. P. 106(a). But the Court may authorize substituted service of process if Evans submits a sworn statement (1) listing a location where Gilliam can "probably be found" and (2) showing that she tried to serve Gilliam in accordance with the two above-mentioned methods. *See id.* 106(b).

Evans meets those requirements here. Reeves's affidavit lists the North Duke address, which is where Gilliam told him to deliver the summons and complaint (Dkt. #9, Exhibit 1 at p. 2). Moreover, Reeves testified that he knows this address to be Gilliam's home because he served her last year in an unrelated matter, and that he saw multiple vehicles at the North Duke address that were registered in Gilliam's name (Dkt. #9, Exhibit 1 at p. 2). Reeves attempted to serve Gilliam in person at the North Duke address with a copy of the complaint and summons—a method enumerated under Texas Rule of Civil Procedure 106(a)(1)—but he was unsuccessful in providing her with the documents (Dkt. #9, Exhibit 1 at pp. 2–3). *See id.* 106(a)(1). Given this information, the Court finds that Reeves's affidavit sufficiently demonstrates that Gilliam can "probably be

found" at the North Duke address, and Evans tried to serve Gilliam in a method required under Texas Rule of Civil Procedure 106(a). Accordingly, the Court may authorize substituted service of process. *See id.* 106(b).

Furthermore, the Court finds that Evans's requested methods of substituted service are permissible. Evans's first-requested method, leaving a copy of the summons and complaint with anyone over the age of sixteen at the North Duke address, is plainly authorized by Texas law. *See id.* 106(b)(1) ("[T]he court may authorize service . . . by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement . . . ."). Thus, Evans may serve Gilliam this way at the North Duke address. Evans may also attach a copy of the summons and complaint at the front door of the North Duke address. Under Texas Rule of Civil Procedure 106(b)(2), the Court may authorize substituted service in any manner that Reeves's sworn statement or other evidence "shows will be reasonably effective" to give Gilliam notice of the lawsuit. *See id.* 106(b)(2). "Texas state and federal courts have permitted [the] front-door-attachment method of service before." *Innovative Sports Mgmt., Inc. v. Reign Nightclub, LLC*, No. 7:21-CV-00469, 2022 WL 2158979, at *2 (S.D. Tex. May 5, 2022) (collecting cases). Likewise, given Gilliam's connection to the property, the Court believes attaching the summons and complaint to the front door at the North Duke address will effectively give Gilliam notice of the lawsuit. *See id.*

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Christy G. Evans's Motion for Substitute Service (Dkt. #9) is hereby **GRANTED.** Evans may accordingly accomplish service upon Gilliam by leaving a true copy of the summons issued to Gilliam and a copy of the complaint in this matter with anyone over the age of sixteen at 2125 North Duke Drive, Sherman, Texas 75090.

Alternatively, Evans may accomplish service upon Gilliam by affixing a true copy of the summons issued to Gilliam and a copy of the complaint in this matter to the front door at 2125 North Duke Drive, Sherman, Texas 75090.

**IT IS SO ORDERED.**

**SIGNED this 30th day of September, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE