IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTY G. EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00715-ALM-AGD |
| | § | |
| UNITED STATES OF AMERICA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Defendants the United States of America, Lisa Greenway, Carrie Gilliam, Juan De La Garza, Bryan Smith, and James Hurtt's ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction (Dkt. #31), Defendants' Motion to Stay Discovery and Litigation Deadlines (Dkt. #46), and Plaintiff Christy G. Evans' ("Plaintiff") Rule 56(d) Motion for Continuance and Supporting Brief (Dkt. #36). After reviewing Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction (Dkt. #31), Plaintiff's Response (Dkt. #37), Defendants' Reply (Dkt. #51), Defendants' Motion to Stay Discovery and Litigation Deadlines (Dkt. #46), and Plaintiff's Rule 56(d) Motion for Continuance and Supporting Brief (Dkt. #36), and all other relevant filings, the court recommends that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction (Dkt. #31) be **GRANTED**, and Defendants' Motion to Stay Discovery and Litigation Deadlines (Dkt. #46) and Plaintiff's Rule 56(d) Motion for Continuance and Supporting Brief (Dkt. #36) be **DENIED** as moot.

# BACKGROUND

*Factual Background*

In 2020, Plaintiff was employed as a Nursing Assistant at Sam Rayburn Memorial Veterans Center in Bonham, Texas ("the VA") (Dkt. #19 at 3). On August 11, 2020, Plaintiff became aware that the VA was alleging that Plaintiff had abused and neglected a patient on July 27–28 and August 6, 2020 (Dkt. #19 at 3). The patient reported that "he had been left wet after asking to be changed." (Dkt. #31 at 4). Defendant Gilliam, a nurse's aide, was the source of the allegations (Dkt. #19, Exhibit A at 1). On August 11, 2020, Defendant Greenway, Chief Nurse at the VA, also became aware of the allegations against Plaintiff (Dkt. #31 at 4). Defendant Greenway conducted a fact-finding investigation into the allegations and made the decision to suspend Plaintiff for fourteen days (Dkt. #19, Exhibit B at 1). The VA notified Plaintiff of the impending suspension on September 15, 2020, and on September 30, 2020, the VA notified Plaintiff that she would be suspended from October 18 to October 31, 2020 (Dkt. #19, Exhibit B at 1). In accordance with agency guidance, Defendant Greenway also reported the allegations to the Administrative Investigation Board and the VA Police (Dkt. #31 at 4).

On August 24, 2020, the Administrative Investigation Board concluded that it could not substantiate the allegations of patient abuse because the patient was not injured due to Plaintiff's conduct (Dkt. #31 at 4). The VA Police, however, reported the allegations to the District Attorney, who advised the VA Police that charging Plaintiff with Injury to an Elderly Individual was appropriate (Dkt. #31 at 5). On October 29, 2020, Judge John Skotnick, Municipal Court, Bonham, Texas issued an arrest warrant for Plaintiff (Dkt. #31 at 5). On the same day, VA Police Officers Garza, Smith, and Hurtt arrested Plaintiff and required her to submit DNA samples (Dkt. #19 at 4). Plaintiff was incarcerated in the Fannin County Jail for one night before she posted the $5,000

bond (Dkt. #19 at 4). On April 16, 2021, the Fannin County Criminal District Attorney's Office made the decision not to prosecute Plaintiff (Dkt. #31 at 5).

*Procedural Background*

On August 19, 2022, Plaintiff filed this lawsuit against Defendants in the United States District Court for the Eastern District of Texas (Dkt. #1). On December 21, 2022, Plaintiff filed her Amended Complaint, which remains the live pleading (Dkt. #19). On April 24, 2023, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction (Dkt. #31). On May 22, 2023, Plaintiff filed her Rule 56(d) Motion for Continuance, which requested that the court refrain from ruling on Defendants' Motion to Dismiss pending discovery on the merits (Dkt. #36). The same day, Plaintiff responded to Defendants' Motion to Dismiss (Dkt. #37). On June 5, 2023, Defendants filed their Motion to Stay Discovery and Litigation Deadlines pending the court's ruling on Defendants' Motion to Dismiss (Dkt. #46). On June 8, 2023, Plaintiff filed her response to Defendants' Motion to Stay Discovery and Litigation Deadlines (Dkt. #47). On June 13, 2023, Defendants replied to Plaintiff's response to Defendants' Motion to Dismiss (Dkt. #51).

*Defendants' Motion to Dismiss*

Defendants, in their Motion to Dismiss, argue that Defendants Greenway and Gilliam are not federal officers and thus cannot be held liable in their individual capacities under *Bivens* (Dkt. #31 at 9). As to Defendants De La Garza, Smith, and Hurtt, Defendants argue that Plaintiff's *Bivens* claim must fail because the United States is the only proper defendant (Dkt. #31 at 9). Defendants go on to argue that Plaintiff cannot sue the United States because the United States has not waived sovereign immunity to Plaintiff's claims (Dkt. #31 at 16). Defendants finally argue that the court does not have subject-matter jurisdiction because Plaintiff did not exhaust her administrative

remedies prior to filing suit (Dkt. #31 at 9).

In response, Plaintiff asserts that Defendants' Motion to Dismiss is a "poorly disguised motion for summary judgment" such that Plaintiff should be entitled to discovery (Dkt. #37 at 3). Plaintiff also disagrees with Defendants' characterization of the Administrative Investigation Board and the actions of the VA police (Dkt. #37 at 12). Plaintiff goes on to argue that the best course of action considering the statute of limitations in this case is "to stay, not dismiss" (Dkt. #37 at 16) (emphasis omitted). Finally, Plaintiff argues that the Amended Complaint adequately alleges *Bivens* liability (Dkt. #37 at 16).

## LEGAL STANDARD

*Federal Rule of Civil Procedure 12(b)(1)*

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Kumar v. Frisco Indep. Sch. Dist.*, 443 F. Supp. 3d 771, 777–78 (E.D. Tex. 2020) (citation omitted). "If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits." *Kumar*, 443 F. Supp. 3d at 777 (citation omitted). Whether a government, its entities, or its representatives in their official capacity have immunity to suit presents a threshold, jurisdictional question that courts appropriately consider on a Rule 12(b)(1) motion. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter

jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* FED. R. CIV. P. 12(h)(3).

***Federal Tort Claims Act***

"The FTCA is the exclusive waiver of sovereign immunity for tort claims" against the United States or its agencies. *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x 386, 388 (5th Cir. 2014) (citing 28 U.S.C. §§ 1346, 2679(a)). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citation omitted).[1] "[T]he United States, and not the responsible agency or employee, is the proper party defendant" in a FTCA suit. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). "A plaintiff may only sue the United States if its sovereign immunity is explicitly waived in a federal statute[.]" *Ellis*, 2016 WL 11190108, at *2 (citing *Farmer*, 553 F. App'x at 388; *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001)). "With the FTCA, Congress waived the United States' sovereign immunity as to some claims and not others." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484–85 (2006)). More specifically, Congress waived the United States' sovereign immunity in a civil action against the United States for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[1] Other courts within the Fifth Circuit, including this court, have dismissed FTCA claims under Rule 12(b)(1) after finding a failure to exhaust. *See, e.g.*, *Ellis v. Dep't of Veterans Affairs*, No. 1:15-CV-00227-RC, 2016 WL 11190108, at *3 (E.D. Tex. Dec. 1, 2016), *report and recommendation adopted*, No. 1:15-CV-227, 2017 WL 603322 (E.D. Tex. Feb. 14, 2017); *United States v. Hollis*, No. SA-08-CV-0362 NN, 2008 WL 4179474, at *2 (W.D. Tex. Sept. 7, 2008); *McKendall v. U.S. Army Corps of Engineers New Orleans Dist.*, No. 11-2964, 2014 WL 556735, at *2–3 (E.D. La. Feb. 11, 2014); *Johnson v. United States*, No. 3:98CV159-B-A, 1999 WL 33537218, at *1–2 (N.D. Miss. June 14, 1999); *Frost v. Young*, No. 2:12-CV-1985, 2012 WL 6043031, at *8 (W.D. La. Dec. 3, 2012).

28 U.S.C. § 1346(b)(1); *M.D.C.G. v. United States*, 956 F.3d 762, 768 (5th Cir. 2020). However, the FTCA does not waive sovereign immunity for any claim arising out of "malicious prosecution…libel, slander, misrepresentation, [or] deceit…" 28 U.S.C. § 2680(h); *see Millbrook v. United States*, 569 U.S. 50, 52 (2013) ("This broad waiver of sovereign immunity is subject to a number of exceptions set forth in § 2680…We have referred to § 2680(h) as the 'intentional tort exception'.").

Prior to commencement of a suit, however, the claims must be exhausted. 28 U.S.C. § 2675(a). The requirement of exhaustion of administrative review is a jurisdictional prerequisite to the filing of an action under the FTCA. *Id.* "The Supreme Court has recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States." *Mendoza v. United States*, No. 4:20-CV-154-O, 2020 WL 6737871, at *3 (N.D. Tex. Nov. 17, 2020) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)). As such, "[e]xhaustion . . . cannot be waived." *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (citation omitted). Since presentment of an administrative claim is jurisdictional, it must be pleaded and proven by the FTCA claimant. *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016); *Bustos v. United Parcel Serv., Inc.*, No. H-19-2979, 2020 WL 3965991, at *2 (S.D. Tex. June 30, 2020), *report and recommendation adopted*, No. H-19-2979, 2020 WL 3963761 (S.D. Tex. July 13, 2020).

***Bivens – Individual Capacity Claims***

A plaintiff seeking recovery from a federal official for violation of federal constitutional rights has a narrow right of action analogous to a § 1983 action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993) (*Bivens* "extends the protections afforded by § 1983

to parties injured by federal actors not liable under § 1983"); *Grainger v. Fed. Bureau of Prisons*, No. C–08–387, 2009 WL 47127, at *2 (S.D. Tex. Jan. 6, 2009) ("A *Bivens* action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors.") (citation omitted). "The Supreme Court's decision in *Bivens* . . . recognized an implied private cause of action for certain alleged constitutional violations by federal officials." *Ambriz v. United States*, No. 4:19-CV-474-O, 2020 WL 4000831, at *5 (N.D. Tex. July 15, 2020). A *Bivens* action "provides a cause of action only against government officers in their individual capacities." *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *see also Patterson v. Def. POW/MIA Accounting Agency*, 343 F. Supp. 3d 637, 648 (W.D. Tex. 2018) (dismissing a *Bivens* claim against a federal official because the claim was asserted against the official in his or her official capacity— not individual capacity).

The Supreme Court has extended *Bivens* only twice since its inception: first, for a former congressional staffer's Fifth Amendment sex-discrimination claim in *Davis*, and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment in *Carlson*. *See Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). Moreover, the Court has since characterized any expansion of *Bivens* "as a disfavored judicial activity." *Egbert v. Boule*, 142 S.Ct. 1793, 1803 (2022) (citation omitted). "When a party seeks to assert an implied cause of action under the Constitution itself, just as when a party seeks to assert an implied cause of action under a federal statute, separation-of-powers principles are or should be central to the analysis." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017); *Hernandez v. Mesa*, 140 S.Ct. 735, 742 (2020) ("In both statutory and constitutional cases, our watchword is caution."). "[I]f there are sound reasons

to think Congress might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [it]." *Egbert*, 142 S.Ct. at 1803 (citation omitted).

## ANALYSIS

Plaintiff does not have a *Bivens* claim against Defendants Greenway and Gilliam in their individual capacities because they are not federal officials. Additionally, Plaintiff does not have a *Bivens* claim against Defendants De La Garza, Smith, or Hurtt in their individual capacities because Plaintiff's claims arise in a context unique from *Bivens* and its progeny, and the special factors weigh against the judicial creation of new damage remedies. Therefore, all that remains is Plaintiff's FTCA claim against Defendant the United States. However, because Plaintiff did not exhaust the administrative remedies required by the FTCA, the court does not have subject-matter jurisdiction over Plaintiff's FTCA claims. Accordingly, the court recommends that Plaintiff's claims be dismissed.

***The court does not have subject-matter jurisdiction under* Bivens *as to Defendants Greenway or Gilliam.***

During the events leading up to this litigation, Defendants Greenway and Gilliam were employed as nursing staff at the VA (Dkt. #31 at 4). Plaintiff seeks to hold Defendants Greenway and Gilliam liable in their individual capacities pursuant to *Bivens* (Dkt. #19 at 8). However, a *Bivens* action "provides a cause of action only against government officers in their individual capacities." *Affiliated Pro. Home Health Care Agency*, 164 F.3d at 286. As nursing staff, Defendants Greenway and Gilliam were not "government officers." Accordingly, Plaintiff does not have a viable cause of action against Defendants Greenway and Gilliam in their individual capacity under *Bivens*. Thus, the FTCA remains as the exclusive remedy, and as such, the United States is the only proper defendant.

***The court does not have subject-matter jurisdiction under* Bivens *as to Defendants De La Garza, Smith, and Hurtt.***

Unlike Defendants Greenway and Gilliam, Defendants De La Garza, Smith, and Hurtt, as VA Police Officers, are "government officers." To succeed on a *Bivens* cause of action against a government officer, a plaintiff must establish that their claims arose under the same circumstances as *Bivens* or its progeny. *See Egbert*, 142 S.Ct. at 1803 (2022). "[I]f a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 140 (2017)). Here, the court finds that Plaintiff is not entitled to pursue a *Bivens* cause of action against Defendants De La Garza, Smith, and Hurtt in their individual capacities because Plaintiff's claims do not arise in the same context as *Bivens*, and the special factors weigh against extending *Bivens*. It follows that the FTCA is the exclusive remedy available to Plaintiff, and as such, the United States is the only proper defendant.

**Plaintiff's claims do not arise in the same context as *Bivens*.**

A new context arises under *Bivens* "when there are 'potential special factors that previous *Bivens* cases did not consider.'" *Egbert*, 142 S.Ct. at 1803 (quoting *Ziglar*, 582 U.S. at 140). In other words, "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Ziglar*, 582 U.S. at 139. The Supreme Court offers several non-exhaustive examples of when a new case may differ from *Bivens* in a meaningful way:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.
>
> *Id.* at 139–140.

Accordingly, a brief review of *Bivens* and its progeny is necessary. In *Bivens*, the plaintiff brought Fourth Amendment claims against officers who conducted a warrantless search of the plaintiff's house while the plaintiff was manacled in front of his family. *Bivens*, 403 U.S. at 389. In *Davis*, the plaintiff brought Fifth Amendment claims against the congressman who hired the plaintiff, but subsequently terminated her employment because "it was essential that the understudy to [his] Administrative Assistant be a man." *Davis*, 442 U.S. at 231. In *Carlson*, a mother brought Eighth Amendment claims against federal prison officials after her son died in custody due to mishandling of her son's medical condition. *Carlson*, 446 U.S. at 16.

Here, Plaintiff's claims differ from the facts in the *Bivens* cases in several meaningful ways. First, *Bivens* arose out of a suit against Federal Bureau of Narcotics agents. *Bivens*, 403 U.S. at 389. In this case, Plaintiff alleges constitutional violations against two types of defendants: nursing staff at the VA and officers at the Veterans Affairs Police (Dkt. # 19 at 1–2). While the police, like the Federal Bureau of Narcotics agents in *Bivens*, are law enforcement officers, they work for different agencies. *See Ziglar*, 582 U.S. at 140 ("A case might differ in a meaningful way because of the rank of the officers involved. . . [or] the statutory or other legal mandate under which the officer was operating."). *Carlson* offers yet another difference, because the defendants in that case were federal prison officials. *Carlson*, 446 U.S. at 16. Moreover, Plaintiff also asserts *Bivens* claims against Defendant Greenway, a nurse, and Defendant Gilliam, a nurse's aide (Dkt. #19 at 2). *Bivens* did not involve any claims against non-law enforcement federal employees. *See Bivens*, 403 U.S. 388; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants."). While *Davis* involved claims against a sitting congressman, that is still materially different from Plaintiff's claims against the VA nurses. *Davis*, 442 U.S. at 231.

Second, the officer's conduct in *Bivens* was egregious. There, officers entered the defendant's home without a warrant, manacled the defendant in front of his family, threatened to arrest the defendant's family, searched the defendant's home, and subjected the defendant to an interrogation and a strip search. *Id.* at 389. The gender discrimination in *Davis* and the severely deficient medical care in *Carlson* were also egregious. *See Davis*, 442 U.S. at 255 n. 3; *Carlson*, 446 U.S. at 54 n. 1. Alternatively, the conduct by Defendants in this lawsuit was generally reasonable. Here, Defendant Gilliam reported allegations of patient neglect by Plaintiff (Dkt. #19 at 3). Following Defendant Greenway's approval, the VA suspended Plaintiff for fourteen days (Dkt. #19 at 3). The VA subsequently revoked Plaintiff's suspension (Dkt. #19 at 4). Defendant Greenway also reported the allegations of patient abuse to the Veterans Administration Police (Dkt. #31 at 21). As a result, the police obtained a warrant and arrested Plaintiff (Dkt. #19 at 4). The police held Plaintiff overnight before releasing her on $5,000 bond (Dkt. #19 at 4). The police also obtained DNA samples from Plaintiff (Dkt. # 19 at 4). Thus, Defendants' conduct in this case does not rise to the same level of egregiousness as *Bivens*, *Davis*, and *Carlson*.

Third, a comparison between the specific facts in *Bivens* and the facts at hand reveal several meaningful differences. Here, the police were acting pursuant to a warrant, while the officers in *Bivens* were not (Dkt. #19 at 4). *Bivens*, 403 U.S. at 389. Plaintiff's Amended Complaint does not reveal the location of her arrest but contains no allegations that she was arrested in front of her family, nor that the officers threatened her family (Dkt. #19). In *Bivens* the police subjected the defendant to a strip search, while the police here required Plaintiff to submit a DNA sample (Dkt. #19 at 4). *Bivens*, 403 U.S. at 389.

Plaintiff is correct that the Fourth Amendment claims in *Bivens* mirror her constitutional claims; but this is not enough (Dkt. #37 at 17). *Bivens*, U.S. 403 at 391; *see Hernandez*, 140 S.Ct.

at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.") (citation omitted); *Cantu v. Moody*, 933 F.3d, 422 (5th Cir. 2019) ("What if a plaintiff asserts a violation of the same clause of the same amendment in the same way? That still doesn't cut it."). Because there are meaningful differences between the facts in *Bivens* and Plaintiff's allegations, the court must analyze additional factors.

> **The court's consideration of additional factors weighs against extending *Bivens* to Plaintiff's claims.**

First, alternative processes are available to address Plaintiff's claims. While the court concluded above that Plaintiff failed to properly pursue her FTCA claims, the FTCA is still "the exclusive remedy for most claims against Government employees arising out of their official conduct." *Hernandez*, 140 S.Ct. at 748 (citation omitted). Second, the last time the Supreme Court extended *Bivens* was in 1980. *Carlson*, 446 U.S. at 14. "Because Congress has long been on notice that the Supreme Court is disinclined to extend *Bivens* to new contexts its 'failure to provide a damages remedy' here suggests 'more than mere oversight.'" *Cantu*, 933 F.3d at 423 (quoting *Ziglar*, 582 U.S. at 143). Third, Congress, not the judiciary, is generally responsible for creating damages remedies. *See Egbert*, 142 S.Ct. at 1802 ("At bottom, creating a cause of action is a legislative endeavor."); *Ziglar*, 137 S.Ct. at 143 ("[T]he question is only whether 'congressionally uninvited intrusion' is 'inappropriate' action for the Judiciary to take.") (citations omitted). Indeed, the Supreme Court has characterized the expansion of *Bivens* as "a 'disfavored' judicial activity." *Egbert*, 142 S.Ct. at 1803. Finally, "a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*." *Egbert*, 142 S.Ct at 1803 (citation omitted). "That uncertainty alone is a special factor that forecloses relief." *Id.* at 1804 (citation omitted). Because "even a single sound reason to defer to Congress" is enough for a court to refrain from extending

REPORT AND RECOMMENDATION – Page 12

*Bivens*, the court need not address the litany of remaining factors. *Id.* at 1803. Accordingly, Plaintiff is not entitled to pursue a *Bivens* cause of action against Defendants De La Garza, Smith, and Hurtt. It follows that the FTCA is the exclusive remedy available to Plaintiff, and as such, the United States is the only proper defendant.

***With respect to Defendant the United States, the court does not have subject-matter jurisdiction under the Federal Tort Claims Act because Plaintiff did not exhaust her administrative remedies.***

Under the FTCA, "[t]he subject matter jurisdiction of the court is conditioned on compliance with 28 U.S.C. § 2675(a), which declares that 'an action shall not be instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (quoting 28 U.S.C. § 2675(a)).

Here, Plaintiff initiated the administrative process by presenting her claim for damages to the VA on August 11, 2022 (Dkt. # 19, Exhibit F). On August 20, 2022, just nine days later, Plaintiff filed her Original Complaint (Dkt. #19). Plaintiff filed her First Amended Complaint on December 21, 2022 (Dkt. #19). As such, Plaintiff filed her Amended Complaint four months and eleven days after initiating the administrative process *See* (Dkt. #19). Pursuant to 28 U.S.C. § 2675(a), the court does not have subject-matter jurisdiction over Plaintiff's claims.

Plaintiff's argument that the administrative remedy requirement is moot is unavailing (Dkt. #37 at 15). An action that is filed before the expiration of the six-month waiting period cannot become timely by the passage of time after the complaint is filed. *Price*, 69 F.3d at 54; *McNeil*, 508 U.S. at 106 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) ("Section 2675 is more than a mere

statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed.").

Plaintiff's argument that the statute of limitations for her claims create "uncertainties" which indicate that the "best course of action is to **stay**, not dismiss" is equally unavailing (Dkt. #37 at 16) (emphasis in original). The court will not disregard an unambiguous jurisdictional requirement merely because Plaintiff did not initiate her complaint with the VA in time to satisfy § 2675(a) and the applicable statute of limitations. Accordingly, because Plaintiff filed her Complaint prior to exhausting her administrative remedies, the court should dismiss Plaintiff's FTCA claims against Defendant the United States pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court recommends that Defendants the United States of America, Lisa Greenway, Carrie Gilliam, Juan De La Garza, Bryan Smith, and James Hurtt's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Subject-Matter Jurisdiction (Dkt. #31) be **GRANTED** and that the case be **DISMISSED WITHOUT PREJUDICE**. The court further recommends that Defendants' Motion to Stay Discovery and Litigation Deadlines (Dkt. #46) be **DENIED**. The court finally recommends that Plaintiff Christy G. Evans' Rule 56(d) Motion for Continuance and Supporting Brief (Dkt. #36) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[2] Because the court concludes that Plaintiff did not exhaust the required administrative remedies for a FTCA claim, the court does not reach the remaining sovereign immunity arguments.

REPORT AND RECOMMENDATION – Page 14

specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE